# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JODI DEMONTE, on behalf of herself and others similarly situated, AND MARK DEMONTE,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., and APPLECARE SERVICE COMPANY, INC.,<br><br>Defendants. | Civil Action No: 1:23-cv-1133<br><br>Removed from the Circuit Court of Cook County, Illinois Chancery Divisions<br>**Case No. 2022CH12542** |

## DEFENDANTS APPLE INC. AND APPLECARE SERVICE COMPANY, INC.'S NOTICE OF REMOVAL

To:   Iris Y. Martinez
      Clerk of the Circuit Court
      Richard J. Daley Center, Room 802
      50 West Washington Street
      Chicago, Illinois 60602

      Mark W. DeMonte
      180 North LaSalle Street, Suite 2020
      Chicago, IL 60601
      *Attorney for Plaintiffs*

# INTRODUCTION

Please take notice that Apple Inc. and AppleCare Service Company, Inc. (collectively "Apple") hereby remove this proposed class action from the Circuit Court of Cook County, Illinois, Chancery Division, Case No. 2022CH12542 (the "State Court Action"), to the United States District Court for the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. The State Court Action brought by Plaintiffs Jodi DeMonte, on behalf of herself and other persons similarly situated, and Mark DeMonte (hereafter, "Plaintiffs") meets all the requirements for federal jurisdiction.

*First*, the Court has original jurisdiction over this action because Plaintiffs and Apple are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). *Second*, the Court has original jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), because there is minimal diversity between the proposed class and Apple, the proposed class consists of more than 100 members, and the amount in controversy aggregated on a class-wide basis exceeds $5,000,000, exclusive of interests and costs. 28 U.S.C. § 1332(d). *Finally*, removal is proper because this Notice has been timely filed within thirty days of service on Apple of the initial pleading. 28 U.S.C. 1446(b)(1).

# BACKGROUND

1. On December 29, 2022, Plaintiffs commenced this proposed class action by filing a complaint in the Circuit Court of Cook County, Illinois County Department, Chancery Division, Case No. 2022CH12542, captioned *Jodi DeMonte, on behalf of herself and others similar [sic]*

1

*situated, and Mark DeMonte, v. Apple Inc., and AppleCare Service Company, Inc.* (the "Complaint").[1]

2. The Complaint was served on Apple on January 24, 2023. Accordingly, this Notice of Removal is timely under 28 U.S.C. § 1446(b)(1).

3. Apple has not filed an answer or any other pleading responsive to the Complaint.

4. The Complaint expressly describes this action as a class action lawsuit and seeks relief on behalf of a putative class of Illinois residents for purported violations of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/1 *et seq.*, fraudulent misrepresentation, negligent misrepresentation, and fraudulent misrepresentation by omission, *see* Compl. ¶¶ 150–177, along with individual claims for common law breach of contract, negligence, gross negligence, intentional inflection of emotional distress, fraudulent misrepresentation, negligent misrepresentation, and violation of the ICFA, *see* Compl. ¶¶ 67–149.

5. While Apple believes Plaintiffs' claims are invalid and that Plaintiffs suffered no harm on Apple's account, Plaintiffs nevertheless seek to recover for alleged damages resulting from Plaintiffs' personal experience with Apple or its agents, and also seek to represent a class defined as "All Illinois residents who have an @me.com Apple ID that have received services, software or operating system updates to an Apple device or product from the year 2000 through the present." *See* Compl. ¶ 62.

---

[1] Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all process, pleadings, and orders served upon Apple in the State Court Action, including the Complaint filed in the State Court Action, are attached as **Exhibit A**.

## GROUNDS FOR REMOVAL

### A. REMOVAL IS PROPER UNDER 28 U.S.C. § 1332(A)

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), because the parties are completely diverse and the amount in controversy exceeds $75,000.

#### i. The Parties are Completely Diverse

7. The parties are completely diverse because, as Plaintiffs acknowledge in their Complaint, they are both Illinois residents, while Apple Inc. and AppleCare Service Company, Inc. are California and Arizona corporations, respectively—neither entity is an Illinois citizen. *See* Compl. ¶¶ 1-4.

8. "It has long been established that natural persons are typically a citizen of the state in which they reside." *Page v. Democratic Nat'l Comm.*, 2 F.4th 630, 634 (7th Cir. 2021) (citing *Gilbert v. David*, 235 U.S. 561, 569 (1915)). Accordingly, Plaintiffs are both Illinois citizens, since they both reside in Illinois. Compl. ¶¶ 1-2.

9. For purposes of diversity jurisdiction, a corporation is a citizen of the state in which it is incorporated and where it has its principal place of business. *Big Shoulders Cap. LLC v. San Luis & Rio Grande R.R., Inc.*, 13 F.4th 560, 571 (7th Cir. 2021) (citing 28 U.S.C. § 1332(c)(1) and *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010)).

10. Apple Inc. is incorporated in California and has its principal place of business in Cupertino, California. *Post Media Sys. LLC v. Apple Inc.*, No. 19 C 5538, 2020 WL 833089, at *1 (N.D. Ill. Feb. 20, 2020) ("Apple is a corporation headquartered in Cupertino, California."); *see also* Compl. ¶ 3. AppleCare Service Company, Inc. is incorporated in Arizona and has its principal place of business in Cupertino, California. *See* Compl. ¶ 4. Accordingly, neither Apple Inc. nor AppleCare Service Company, Inc. are Illinois citizens.

11. To establish subject matter jurisdiction in a class action, "one looks only to the named plaintiffs and their claims [because] the class members other than the named plaintiffs are merely potential parties[.]" *Darty v. Columbia Rehab. & Nursing Ctr., LLC*, 468 F. Supp. 3d 992, 996 (N.D. Ill. 2020) (citing, *inter alia*, *Payton v. County of Kane*, 308 F.3d 673, 681 (7th Cir. 2002) ("[T]he citizenship requirement for purposes of diversity jurisdiction in a class action hinges entirely on the citizenship of the named plaintiffs.")).

12. Because Plaintiffs are citizens of Illinois, but Apple Inc. and AppleCare Service Company, Inc. are citizens of California and Arizona, respectively, complete diversity exists between the parties pursuant to 28 U.S.C. § 1332(a)(1).

### ii. The Amount in Controversy Exceeds $75,000

13. Apple denies that Plaintiffs suffered any damages. However, based on Plaintiffs' allegations, the amount in controversy exceeds $75,000 (and exceeds $5 million when aggregated across all proposed class members). As a result, the requisite amount in controversy under 28 U.S.C. § 1332(a) is satisfied.

14. While the complaint does not set forth a specific total sum of damages sought against Apple, it is apparent that the amount in controversy is in excess of $75,000, exclusive of interests and costs. When, as here, Plaintiffs have not specified a damages amount in the Complaint, a "defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required . . . only when the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). This standard applies for removals under CAFA—as in *Dart Cherokee*, 574 U.S. at 81—as well as removals under diversity jurisdiction. *See Midland Mgmt. Co. v. Am. Alternative Ins. Corp.*, 132 F. Supp. 3d 1014,

1018 (N.D. Ill. 2015) (applying *Dart Cherokee*'s "plausible allegation" standard and denying motion to remand following removal under diversity jurisdiction). In order to satisfy this "plausible allegation" standard, "a good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence." *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006). "When a defendant removes to federal court . . . its plausible and good faith estimate of the amount in controversy establishes jurisdiction unless it is a 'legal certainty' that the plaintiffs' claim is for less than the requisite amount." *Webb v. Fin. Indus. Regulatory Auth.*, 889 F.3d 853, 859 (7th Cir. 2018) (citation omitted).

15. It is Apple's plausible and good faith estimate that the amount in controversy exceeds $75,000. In determining the amount in controversy, the amount demanded may be the aggregate of compensatory and punitive damages. *See LM Ins. Corp. v. Spaulding Enterprises Inc.*, 533 F.3d 542, 551 (7th Cir. 2008) (citing *Bell v. Preferred Life Soc'y*, 320 U.S. 238, 240 (1943)). Plaintiffs here ask for both compensatory and punitive damages, *see* Compl. ¶ 178, including "monetary, emotional, and exacerbated physical damage," *id.* ¶¶ 134, 144.

16. Plaintiffs seek compensatory damages associated with misrepresentations and/or breach of contract for a litany of Apple "products and services, including but not limited to an Apple iPhone 11 Max Plus cell phone, Apple iPhone 12 Pro cell phones, Apple Macs, Apple MacBooks, Apple MacBook Airs, Apple iPads, multiple Apple Watches, Apple AirPods, and various other Apple products, along with AppleCare and AppleCare+." Compl. ¶ 1. Plaintiffs do not specify the total number of these purchased "products and services," but Plaintiffs own

5

allegations indicate they spent thousands of dollars on these various categories of new and sophisticated electronic products.[2]

17. Plaintiffs appear to also seek damages relating to medical treatment and/or worsening of certain unspecified health issues. *See* Compl. ¶ 52 ("Plaintiffs suffered monetary and other damages, including exacerbation of the physical and other health issues that Plaintiffs were enduring during calendar year 2021 and 2022"); Compl. ¶ 116 ("Apple and AppleCare Service and their respective agents acted with willful and conscious disregard to Plaintiffs' physical and other health issues . . . ."). Although the Complaint provides no allegations describing Plaintiffs' health issues or the damages resulting from their exacerbation, medical bills and expenses—especially factoring in associated damages for future treatment and related losses—can easily amount to $75,000. *See, e.g.*, *Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 815 (7th Cir. 2006) (discussing and upholding determination that the amount-in-controversy requirement was satisfied where the plaintiff's medical expenses and lost earnings amounted to $45,000, so that a "modest allowance for pain, suffering and future losses . . . brings the total over the threshold.").

18. Plaintiffs seek punitive damages, which can total up to ten times the value of any compensatory damages award. *See State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 410 (2003).

---

[2] For example, the retail price of the Apple MacBook Pro starts at $1,299, per the Apple website. *See* https://www.apple.com/macbook-pro/. And the retail price of the iPhone 11 Pro is $999, . *See* https://www.apple.com/newsroom/2019/09/iphone-11-pro-and-iphone-11-pro-max-the-most-powerful-and-advanced-smartphones/#:~:text=Pricing%20and%20Availability,at%20%24999%20and%20%241%2C099%2C%20respectively. Apple MacBook Airs are similarly sold at $999 or more, depending on the specifications of the specific model being purchased. https://www.apple.com/macbook-air/.

19. Plaintiffs also seek "attorney's fees and costs" for each claim of breach of contract. Compl. ¶¶ 76, 86, 96, 106. When attorney's fees "are sought as part of an underlying claim, rather than pursuant to a separate post-judgment right to 'costs' or 'fees' incurred in the litigation, they are considered part of the amount in controversy." *El v. AmeriCredit Fin. Services*, 710 F.3d 748, 753 (7th Cir. 2013). Although Plaintiffs do not provide their basis for seeking attorney's fees, the fact that Plaintiffs seek attorney's fees only for their breach of contract claims implies that their alleged grounds for seeking attorney's fees is part of those underlying claims, as opposed to a "separate post-judgment right." Attorney's fees for Plaintiffs alone may exceed $75,000, given the broad allegations (ten claims just for Plaintiffs alone) and potentially high costs of discovery and trial preparation. For example, Plaintiffs may retain expert witness(es) to provide testimony on their allegations, including the "exacerbation of the physical and other health issues that Plaintiffs were [allegedly] enduring." Compl. ¶ 52. This would further drive up the attorney's fees above the $75,000 amount-in-controversy threshold.

20. Further, the allegations regarding the various categories of damages indicate that Plaintiffs seek more than $75,000. Plaintiffs allude to "exacerbation" of health issues across 2021 and 2022, and past and future treatment of these health issues alone might far exceed $75,000. Plaintiffs appear to seek recovery of some of the thousands of dollars spent on Apple products. And Plaintiffs seek attorney's fees related to litigating their breach of contract claims, which may entail extensive discovery work, trial preparation, and potential expert witness engagement. In addition, Plaintiffs seek punitive damages that further increase the amount-in-controversy. A good faith estimate of the sum of these categories of damages places the amount-in-controversy well in excess of $75,000.

21. Therefore, removal is justified under 28 U.S.C. § 1332(a), as diversity exists and Apple has plausibly alleged that the amount in controversy exceeds $75,000.

B. **REMOVAL IS PROPER UNDER CAFA**

22. This Court also has original jurisdiction under CAFA, because (1) there is minimal diversity between the proposed class and Apple; (2) the proposed class consists of more than 100 members; and (3) the amount in controversy aggregated on a class-wide basis exceeds $5,000,000, exclusive of interests and costs.[3] *See* 28 U.S.C. § 1332(d).

23. CAFA provides that "district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant," 28 U.S.C. § 1332(d)(2), and where the proposed class includes 100 or more members. 28 U.S.C. § 1332(d)(5)(B).

24. Each of CAFA's requirements is satisfied here. Plaintiffs' lawsuit proposes a class of 100 or more members; the matter in controversy plausibly exceeds (in the aggregate) $5,000,000, exclusive of interests and costs; and at least one member of the proposed class is a citizen of a state different than Apple's.

  i. **The Proposed Class is Estimated at More than 100 Members**

25. Plaintiffs purport to bring their Complaint on behalf of a class of "All Illinois residents who have an @me.com Apple ID that have received services, software or operating system updates to an Apple device or product from the year 2000 through the present." Compl. ¶

---

[3] Apple does not concede that a class may be properly certified in this action, or that any of the requirements of Federal Rule of Civil Procedure 23 have been met or can be proven. Rather, Apple offers these numbers based on Plaintiffs' allegations and solely to place certain facts before the Court that are relevant to evaluating the CAFA criteria.

62. Although Plaintiffs do not specify the precise size of the proposed class, Plaintiffs described the number as "substantial," believing the class to "exceed hundreds of persons." *Id.* ¶ 63.

### ii. The Amount in Controversy Exceeds $5,000,000

26. Under 28 U.S.C. § 1332(d)(6), the claims of the individual class members must be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000. The removing party need only provide a "plausible" and "good-faith estimate" of the amount in controversy to satisfy CAFA's jurisdictional requirement. *Schutte v. Cox Health, LLC*, 28 F.4th 850, 854 (7th Cir. 2022). The removing party's allegations regarding the amount-in-controversy "should be accepted when not contested by the plaintiff or questioned by the court." *Roppo v. Travelers Commer. Ins. Co.*, 869 F.3d 568, 579 (7th Cir. 2017).

27. Although the Complaint does not specify the exact amount of damages sought by Plaintiffs on either a per-class member or aggregate basis—and despite its position that Plaintiffs have not suffered damages on account of their invalid claims—Apple estimates in good faith that the damages sought exceed $5,000,000 in aggregate. Plaintiffs allege that they "relied upon [Apple's unspecified] false statements to their detriment by continuing to pay for Apple products and services while maintaining an @me.com Apple ID." Compl. ¶ 168. Plaintiffs also claim that their proposed class "received lower service quality" and experienced "technical issues" with the "Apple products and services" that they allegedly purchased. *See* Compl. ¶ 154. With Plaintiffs' claim that the class is likely "to exceed hundreds of persons," *id*. at ¶ 63, if each class member were to have purchased around the same number of products and services alleged by Ms. DeMonte, *see id*. at ¶ 1, the total amount-in-controversy would exceed the $5,000,000 threshold. And these estimates omit Plaintiffs' other categories of damages, such as punitive damages.

9

28. Given the likely number of Apple products sold in Illinois, the typical retail price of those products,[4] and the number of customers who may have utilized an @me.com Apple ID,[5] it is Apple's good faith belief that the portion of the relevant "Apple products and purchases" for which Plaintiffs seek recovery would exceed $5,000,000.

### iii. The Diversity Requirement is Satisfied

29. As described above, *supra* ¶ 8, both Plaintiffs reside in Illinois and seek to represent a class limited to Illinois residents. Compl. ¶¶ 1, 62.

30. Apple Inc. is a citizen of California, and AppleCare Service Company, Inc. is a citizen of California and Arizona. *See supra* ¶¶ 9-10. Therefore, based on the allegations in the Complaint, at least one member of the proposed class is a citizen of a State different than Apple Inc. and AppleCare Service Company, Inc. This satisfies 28 U.S.C. § 1332(d)(2).

31. Moreover, none of the exceptions to CAFA jurisdiction set forth in 28 U.S.C. § 1332(d) apply to this action. The "home state" exception, which requires at least two-thirds of plaintiffs and the "primary defendants" to be citizens of the state in which the action is filed, 28 U.S.C. 1332(d)(4)(B), is inapplicable because neither Apple Inc. nor AppleCare Service Company, Inc. is a citizen of Illinois. *See supra* ¶¶ 9–10. The "local controversy" exception, which requires at least two-thirds of plaintiffs and one defendant to be citizens of the state in which the action is filed, 28 U.S.C. § 1332(d)(4)(A), is similarly inapplicable because neither Apple Inc. nor AppleCare Service Company, Inc. is a citizen of Illinois, *see supra* ¶¶ 9-10. And the "interest of justice" exception, which requires the "primary defendant" and at least one-third of plaintiffs, but

---

[4] As described *supra* fn. 2, several of the products purchased by Plaintiffs retail for $999 or more.
[5] Generally, Apple customers who created an iCloud account before September 19, 2012 would have @me.com email addresses, and could have used those email addresses. *See* https://support.apple.com/en-us/HT201771. Any or all of those users could have used their @me.com email address as the email address for their Apple ID.

10

no more than two-thirds of plaintiffs, to be citizens of the state in which the action is filed, 28 U.S.C. § 1332(d)(3), is inapplicable because Plaintiffs allege a class fully comprised of Illinois residents, Compl. ¶ 62, and neither Apple Inc. nor AppleCare Service Company, Inc. is a citizen of Illinois, *see supra* ¶¶ 9-10.

### C. REMOVAL IS TIMELY

32. Apple was served with Plaintiffs' Complaint on January 24, 2023. This Notice is therefore timely filed within the time frame provided by 28 U.S.C. § 1446(b)(1).

### APPLE HAS COMPLIED WITH ALL PROCEDURAL PREREQUISITES FOR REMOVAL

33. Counsel for Apple certifies that a copy of this Notice is being filed with the Clerk of the Circuit Court of Cook County, Illinois, County Department, Chancery Division, pursuant to 28 U.S.C. § 1446(d). Apple is also providing written notice to Plaintiffs' counsel.

34. Pursuant to 28 U.S.C. § 1441(a), venue is proper in this Court because this action was originally filed in the Circuit Court of Cook County, which is located in the Northern District of Illinois.

35. Pursuant to 28 U.S.C. § 1446(a), Apple attaches as Exhibit A, a copy of the process and complaint served upon Apple in the State Court Action, which comprises "all process, pleadings, and orders served upon" Apple in the State Court Action to date.

36. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely because it was filed within 30 days of Apple's receipt, by service or otherwise, of a copy of the Complaint.

37. The Apple entities are also the only defendants named in the Complaint, although in any event removal based on CAFA jurisdiction does not require consent of other defendants. 28 U.S.C. § 1453(b); *Roppo*, 869 F.3d 568 at 578.

38.     Apple reserves the right to amend or supplement this Notice of Removal, and reserves all rights and defenses, including those available under Federal Rule of Civil Procedure 12.  By filing this Notice of Removal, Apple does not waive any defenses that may be available to it and does not concede that the allegations in the Complaint state a valid claim under any applicable law.

WHEREFORE, Apple desires to remove this case to the United States District Court for the Northern District of Illinois, Eastern Division, being the district and division of the Court for the County in which this action is pending, and prays that the filing of this Notice of Removal shall effect the removal of this suit to this Court.

Dated:  February 23, 2023                          By:     /s/ Mark H. Boyle

Mark H. Boyle
Emily E. Dory
Donohue Brown Mathewson & Smyth LLC
131 South Dearborn Street, Suite 1600
Chicago, IL 60603
(312) 422-0900
boyle@dbmslaw.com
dory@dbmslaw.com

*Attorney for Defendants Apple Inc. and AppleCare Service Company, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 23rd day of February, 2023, I caused the foregoing DEFENDANTS APPLE INC. AND APPLECARE SERVICE COMPANY, INC.'S NOTICE OF REMOVAL to be filed with the Clerk of the District Court via the CM/ECF system, which will send notifications of such filing to the following.

/s/ Mark H. Boyle

Donohue Brown Mathewson & Smyth, LLC
131 South Dearborn Street, Suite 1600
Chicago, IL 60603
(312) 422-0900

**Counsel for Plaintiff,**
**Jodi DeMonte, on behalf of herself and others similarly situated, and Mark DeMonte:**

Mark W. Demonte
180 North LaSalle Street, Suite 2020
Chicago, IL 60601