Hearing Date: 4/28/2023 9:30 AM
Location: Court Room 2301
Judge: Quish, Clare J

**12-Person Jury**

FILED
12/29/2022 1:33 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022CH12542
Calendar, 14
20839184

FILED DATE: 12/29/2022 1:33 PM    2022CH12542

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| JODI DEMONTE, on behalf of herself and others similar situated, AND MARK DEMONTE, <br><br> v. <br><br> APPLE INC., and APPLECARE SERVICE COMPANY, INC, | ) ) ) ) ) ) **2022CH12542** <br> **Docket No. 2022 CH -____** |

### JURY DEMAND

## <u>CLASS ACTION COMPLAINT</u>

Plaintiffs JODI DEMONTE, on behalf of herself and other persons similarly situated, and MARK DEMONTE (Jodi DeMonte and Mark DeMonte are collectively referred to herein as Plaintiffs) bring this Complaint for various violations of Illinois law against Defendants APPLE INC. (Apple) and APPLECARE SERVICE COMPANY, INC. (AppleCare) (collectively referred to herein as Defendants). In support of this Complaint, Plaintiffs allege as follows:

### <u>PARTIES</u>

1.      Named plaintiff Jodi DeMonte is an Illinois resident who purchased an @me.com account from Apple in or around the early 2000s and has maintained that Apple ID for all relevant times, as well as purchased numerous Apple products and services, including but not limited to an Apple iPhone 11 Max Plus cell phone, Apple iPhone 12 Pro cell phones, Apple Macs, Apple MacBooks, Apple MacBook Airs, Apple iPads, multiple Apple Watches, Apple AirPods, and various other Apple products, along with AppleCare and AppleCare+.

2.      Plaintiff Mark DeMonte is an Illinois resident who, together with plaintiff Jodi DeMonte purchased the aforementioned numerous Apple products, including but not limited to an Apple iPhone 11 Max Plus cell phone, Apple iPhone 12 Pro cell phones, Apple MacBook Airs,

**EXHIBIT A**

Apple iPads, multiple Apple Watches, Apple AirPods, and various other Apple products, along with AppleCare and AppleCare+.

3.      Apple, Inc. ("Apple"), is a California corporation with its principal place of business located at One Apple Park Way Cupertino, California, 95014.

4.      AppleCare Service Company, Inc. ("AppleCare Service"), is an Arizona corporation and a subsidiary of Apple, also with a principal place of business located at One Apple Park Way Cupertino, California, 95014.

## JURISDICITION AND VENUE

5.      Plaintiffs for all relevant periods reside or resided in Cook County, Illinois and purchased Apple products and services from Defendants while in Illinois.

6.      Apple and AppleCare Service for all relevant periods of time conduct or conducted business in Cook County, Illinois by virtue of having retail stores that sell Apple products and services throughout Illinois, including in Cook County, Illinois.

7.      Apple and AppleCare Service for all relevant periods of time also provide or provided support services to Illinois residents, including Plaintiffs, who reside or resided in Cook County, Illinois.

8.      Upon information and belief, Apple and AppleCare Service have a registered agent located at 208 South LaSalle St., Ste 814, Chicago, IL 60604, which is located in Cook County, Illinois.

## NATURE OF INDIVUDAL ACTIONS

9.      Plaintiffs bring their individual causes of action for monetary damages and other legal and equitable relief resulting from the unlawful actions of Defendants in connection with the Apple products and services sold to and provided to Plaintiffs during the relevant time period.

FILED DATE: 12/29/2022 1:33 PM   2022CH12542

FILED DATE: 12/29/2022 1:33 PM    2022CH12542

## NATURE OF CLASS ACTION

10.     Plaintiff Jodi DeMonte brings class action claims against Apple and AppleCare Service on behalf of herself and those other @me.com Apple ID users who are or were similarly situated and affected by Apple and AppleCare Service's unlawful actions, which include but are not limited to being provided different and inferior user experiences, products and services, including experiencing or being exposed to a greater risk of bugs, glitches, privacy risks and data security vulnerabilities, than are or were provided to other, non @me.com Apple ID users.

11.     Defendants have never disclosed to @me.com Apple ID users that their older Apple ID could lead to being provided different and inferior user experiences, products and services, including experiencing or being exposed to a greater risk of bugs, glitches, privacy risks and data security vulnerabilities, than are or were provided to other, non @me.com Apple ID users.

12.     By disparately treating @me.com Apple ID users, Apple and AppleCare breached their legal obligations and committed tortious conduct against the members of the class, which caused and continues to cause damage due to the diminished value of those services provided to those members in an amount that will be proven at trial.

## FACTUAL ALLEGATIONS

13.     For over twenty years, Plaintiffs purchased numerous Apple products, including but not limited to iPhones, iPads, Macs, MacBooks, Apple Watches and AirPods, along with AppleCare or AppleCare+ warranties that were in effect for those products during all relevant time periods.

14.     Plaintiff Jodi DeMonte purchased an @me.com Apple ID from Apple in or around the mid-2000s.

15.     Defendants offer for purchase various Apple products and services, including but not limited to the products and services purchased by Plaintiffs.

16.     Defendants also offer monetary rewards as part of their applicable "Bounty"

3

program that provides payouts for reported security or vulnerability issues.

17.     Defendants state that "All security issues with significant impact to users will be considered for Apple Security Bounty payment, even if they do not fit the published bounty categories." https://developer.apple.com/security-bounty/payouts/.

18.     In or around February 2021, Plaintiffs began to experience significant technical issues with their Apple products and services relating to functionality, data privacy, data security and device integrity.

19.     Plaintiffs timely notified Defendants and their agents of these technical issues with the Apple products and services in accordance with the applicable AppleCare or AppleCare+ terms and conditions.

20.     This notification began a cycle of starting, restarting, starting and restarting, starting and restarting, etc., the process of informing Defendants of and working with Defendants or their agents to address the technical issues raised by Plaintiffs.

21.     Since February 2021, Plaintiffs have spent hundreds of hours of their time informing Defendants or their agents of the technical issues, the lack of meaningful support and the lack of resolution of the technical issues raised by Plaintiffs.

22.     The technical issues experienced by Plaintiffs rendered the products and services being paid for by Plaintiffs unfit, potentially unsafe and effectively unusable.

23.     Plaintiffs requested, repeatedly, that Defendants or their agents undertake reasonable steps to investigate and resolve the technical issues with the Apple products and services purchased by Plaintiffs in accordance with the terms and conditions set forth by Defendants themselves.

24.     Plaintiffs requested, repeatedly, that Defendants or their agents repair or replace the products and ensure the services were being rendered, including but not limited to iCloud services (like shared accounts) and iPhoto, in a workable, reliable and secure manner.

4

FILED DATE: 12/29/2022 1:33 PM   2022CH12542

FILED DATE: 12/29/2022 1:33 PM   2022CH12542

25.     At times throughout the calendar year 2021, Defendants or their agents either disregarded, ignored or prejudged, repeatedly, that there were no actual issues with the Apple products or services for which Plaintiffs were paying but which were deficient, potentially unsafe and effectively unusable.

26.     At times throughout the calendar year 2021, Defendants and their agents questioned, discounted, disputed and/or disregarded the issues with the Apple products and services raised by Plaintiffs but did not provide any valid basis for taking such positions.

27.     At times throughout the calendar year 2021, Defendants or their agents also made statements that were false or misleading with respect to the status of the technical issues, including but not limited to that Defendants or their agents had undertaken a reasonable review of the issues and the issues what Plaintiffs were identifying "could not" be happening because they were "impossible."

28.     One Apple agent stated the agent had never heard of any issues like those identified by Plaintiffs ever happening "since [the agent's] time with Apple."

29.     When asked how long that agent had worked at Apple, the agent stated "months."

30.     Another agent told Plaintiffs they had to wait for Apple to issue "another" security update to see if that resolved Plaintiffs' issues, conveying neither the agent or Apple would replace or repair the problematic devices at issue.

31.     Several agents required Plaintiffs to spend dozens if of hours rehashing issues, re-explaining the technical issues and concerns only to have those agents hang up the call.

32.     Several agents demanded Plaintiffs go to a store in order to proceed with the investigation into the technical issues, despite Plaintiffs informing those agents of the significant health and other issues that Plaintiffs were dealing with, in addition to the Covid-19 pandemic, that prevented such actions.

5

FILED DATE: 12/29/2022 1:33 PM    2022CH12542

33.     Over Plaintiffs request, Defendants insisted they go to a store, but, again, once their Defendants neither replaced nor repaired the devices nor did they address the technical issues raised by Plaintiffs.

34.     On May 11, 2021, after Defendants and their agents refused or failed to adequately investigate or remedy the ongoing technical issues with Plaintiffs' products and services, Plaintiffs sent a written communication to Defendants' legal department outlining the ongoing technical issues and abusive service tactics being experienced by Plaintiffs.

35.     Plaintiffs urged Defendants' legal department to assist with resolving the technical and service issues, as well as requested Defendants continue to preserve any and all communications and/or statements made by and between Defendants and Plaintiffs in connection with the ongoing technical and service issues given the significant legal harm that was being inflicted by Defendants upon Plaintiffs.

36.     On July 5, 2021, a follow-up communication was sent to Defendants stating that Plaintiffs were continuing to investigate their legal claims and had agreed to continue to attempt to work with Defendants or their agents in order to resolve the ongoing technical and service issues, which again conveyed the importance of preserving the information and data associated with the actions taken by Defendants and their agents.

37.     On July 12, 2021, Defendants acknowledged receipt of the May 11, 2021, communication where, according to Defendants, it was acknowledged Plaintiffs had "reported multiple issues and concerns to Apple" and that Plaintiffs had informed Defendants that "[Apple] failed to provide meaningful support."

38.     Defendants' agent unequivocally stated that "Apple has performed an investigation" and that "the investigation demonstrated Apple provided the appropriate level of support."

6

FILED DATE: 12/29/2022 1:33 PM    2022CH12542

39.     This statement was false.

40.     Despite this false statement, in September 2021—over six months since the technical and service issues began—Plaintiffs were still experiencing the same technical and service issues.

41.     Plaintiffs thus persevered with raising the technical and service issues with Defendants and their agents, explaining the significant health and other issues being experienced by Plaintiffs that were being exacerbated by Defendants' outrageous conduct.

42.     This perseverance did not yield immediate results, but rather Defendants re-started the cycle of customer abuse and putting Plaintiffs back to square one yet again in trying to get Apple and AppleCare to resolve the technical issues with the Apple products and services, this time with members of an alleged "executive team".

43.     From in or around September 2021 through and on or about February 2022, Defendant or their agents went round and round multiple times with Plaintiffs, undertaking additional reviews and investigations of the technical and service issues raised by Plaintiffs.

44.     During this time, Defendants finally and expressly acknowledged the deficiencies of the prior service and investigation and conveyed to Plaintiffs that the past failures of Defendants to get working products and adequate services was unacceptable.

45.     Provided Apple and AppleCare Service preserved the evidence as requested by Plaintiffs, Apple and AppleCare Service has in their possession recorded conversations with their agents acknowledging that such failures were being discussed by management, specific support teams and that Apple employees should be fired over how the Defendants had handled the issues with Plaintiffs.

46.     Defendants' agents also disclosed that Plaintiff Jodi DeMonte's status as an @me.com user was likely a root cause of the technical issues suffered by Plaintiffs because Apple has to treat those @me.com Apple ID accounts differently than they treat other Apple ID accounts

FILED DATE: 12/29/2022 1:33 PM    2022CH12542

that were created later in time with different user IDs, like @icloud.com.

47.     Defendants' agents also acknowledged they had never before seen the issues raised by Plaintiffs and had to conduct significant investigation after July 2021, including consulting with other senior specialists and similar agents, based on the information provided by Plaintiffs to determine how to address the issues.

48.     In or around Spring 2022, Defendants finally replaced or repaired Plaintiffs' Apple products and services because Defendants' most recent investigation concluded Plaintiffs' products and services needed replacement or repair, and had since in or around February 2021.

49.     On information and belief, during calendar year 2021, Plaintiffs shared, based on Defendants' statements, critical information and the techniques used to exploit them with Defendants and their agents that Defendants later addressed through software updates or updates to services.

50.     Despite this, Defendants did not, nor did they reasonably consider paying any bounty despite being provided such information and otherwise meeting the substantive requirements of the Bounty program.

51.     Apple has a history of enticing the public to provide critical information that Apple later addresses through software updates or updates to services while unreasonably withholding bounty that would, if Apple adhered to its own program, be paid. *See e.g.,* *https*://www.techtarget.com/searchsecurity/news/252515820/Apple-Security-Bounty-improves-but-problems-remain.

52.     During all relevant times Plaintiffs suffered monetary and other damages, including exacerbation of the physical and other health issues that Plaintiffs were enduring during calendar year 2021 and 2022, due to and caused by Defendants' unlawful conduct.

53.     Plaintiffs have repeatedly attempted to communicate with Defendants to address the

FILED DATE: 12/29/2022 1:33 PM   2022CH12542

issues raised herein, without incurring the costs of litigation.

54. Defendants have refused and instead effectively directed Plaintiffs to file this lawsuit in order to meaningfully engage on how Defendants' acknowledged failures could be redressed.

## Class Action Allegations

55. Apple possesses complete control over the Apple IDs of its customers, including those customers issued @me.com Apple IDs.

56. Apple possesses complete control over the operating systems and software that run on Apple products, as well as the updates to those systems and software.

57. On information and belief, Apple maintains and implements different procedures for updating and managing the operating system and software updates for @me.com Apple ID users than it employs for other Apple ID users, resulting in lower service quality and other technical issues that are not experienced by users who do not have an @me.com Apple ID.

58. Defendants represent to their @me.com Apple ID users that they will receive the same level of service quality as other non @me.com Apple ID users and not experience other technical issues as a result of their @me.com Apple ID.

59. Defendants have never disclosed to @me.com users that their accounts would suffer lower service quality and other technical issues as a result of their @me.com Apple ID.

60. Class members have thus unknowingly and without consent suffered and continue to suffer damages due to lower service quality and other technical, data privacy and data security issues  with the performance of Apple products and services due to the actions of Defendants or their agents.

61. Upon information and belief, class members did not know of and only recently discovered this discrepancy due to Defendants concealing it from the class members.

FILED DATE: 12/29/2022 1:33 PM    2022CH12542

## CLASS ALLEGATIONS

62.     **Class Definition:** Plaintiff Jodi DeMonte brings this action pursuant to 735 ULCS 5/2-801 on behalf of a class of similarly situated individuals, defined as follows: (the "@me.com Apple ID Class"):

> **All Illinois residents who have an @me.com Apple ID that have received services, software or operating system updates to an Apple device or product from the year 2000 through the present.**

63.     **Numerosity:** Pursuant to 735 ILCS 5/2-801(1), the number of persons within the Class is substantial, believed to exceed hundreds of persons. It is, therefore, impractical to join each member of the Class as a named Plaintiff. Further, the size and relatively modest value of the claims of the individual members of the Class renders joinder impractical. Accordingly, use of the class action mechanism is the most economically feasible means of determining and adjudicating the merits of this litigation. Moreover, the Class is ascertainable and identifiable from Defendants' records.

64.     **Commonality and Predominance:** Pursuant to 735 ILCS 5/2-801(2), there are well-defined common questions of fact and law that exist as to all members of the Class and that predominate over any questions affecting only individual members of the Class. These common legal and factual questions, which do not vary from Class member to Class member, and which may be determined without reference to the individual circumstances of any class member, include, but are not limited to, the following:

(a) Defendants' disparate treatment of @me.com Apple ID users;

(b) Whether a class member purchased or was given an @me.com Apple ID;

(c) Whether a class member ever downloaded or installed a software or operating system update to an Apple device that was linked to and @me.com Apple ID.

10

FILED DATE: 12/29/2022 1:33 PM   2022CH12542

65. **Adequate Representation**: Pursuant to 735 ILCS 5/2-801(3), Plaintiff Jodi DeMonte is represented by qualified and competent counsel who is experienced in complex class action litigation. Plaintiff and her counsel are committed to vigorously prosecuting this class action. Moreover, Plaintiff is able to represent and protect the interests of the Class fairly and adequately. Neither Plaintiff Jodi DeMonte nor her counsel has any interest adverse to, or in conflict with, the interests of the absent members of the Class. Plaintiff Jodi DeMonte has raised viable statutory and contractual claims of the type reasonably expected to be raised by members of the Class, and will vigorously pursue those claims. If necessary, Plaintiffs may seek leave of this Court to amend this Class Action Complaint to include additional Class representatives or additional claims as may be appropriate, or to amend the Class definition to address any steps that Defendant took.

66. **Superiority**: Pursuant to 735 ILCS 5/2-801(4), a class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all Class members is impracticable. It would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments, and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues. By contrast, the maintenance of this action as a class action, with respect to some or all of the issues presented herein, presents few management difficulties, conserves the resources of the parties and of the court system and protects the rights of each member of the Class. Plaintiff anticipates no difficulty in the management of this action as a class action.

## INDIVIDUAL CLAIMS FOR RELIEF

### COUNT I
**Breach of Contract (iPhone 11 Max Plus)**
**Against Apple Inc. and**
**AppleCare Service Company, Inc.**

11

67.     Plaintiffs incorporate by reference the allegations in the preceding paragraphs as if they were set forth herein.

68.     When consumers, such as Plaintiffs, purchase Apple products, AppleCare or AppleCare+, they enter into a contractual relationship with Apple and AppleCare (the Contracts), and agree to be bound by the terms of the Contracts.

69.     Apple and AppleCare likewise agree to be bound by and follow the terms of the Contracts.

70.     Plaintiffs, Apple and AppleCare entered into valid, binding Contracts applicable to Plaintiffs' Apple iPhone 11 cell phone.

71.     On information and belief, the terms of the applicable Contracts between Plaintiffs and Defendants provided that Defendants or their agents would undertake a reasonable, good faith investigation and repair or replace any devices that were having technical issues of the type Plaintiffs were experiencing and raised with Defendants.

72.     On information and belief, the applicable Contracts between Plaintiffs and Defendants, which can be identified by Defendants' records, may be found at:

https://www.apple.com/legal/

73.     Defendants  breached the applicable Contracts by failing to undertake a reasonable, good faith investigation into Plaintiffs' issues for months.

74.     Defendants also breached the Contracts by failing to reasonably repair or replace the iPhone 11 according to the terms of the Contracts.

75.     Plaintiffs were damaged by the Defendants' breach of the Contracts, in an amount to be proven at trial.

76.     Plaintiff and the Class may recover all damages associated with this breach in an amount to be proven at trial, including attorney's fees and costs.

FILED DATE: 12/29/2022 1:33 PM   2022CH12542

FILED DATE: 12/29/2022 1:33 PM    2022CH12542

**COUNT II**
**Breach of Contract (iPhone 12 Pros)**
**Against Apple Inc. and**
**AppleCare Service Company, Inc.**

77.     Plaintiffs incorporate by reference the allegations in the preceding paragraphs as if they were set forth herein.

78.     When consumers, such as Plaintiffs, purchase Apple products, AppleCare or AppleCare+, they enter into a contractual relationship with Apple and AppleCare (the Contracts), and agree to be bound by the terms of the Contracts.

79.     Apple and AppleCare likewise agree to be bound by and follow the terms of the Contracts.

80.     Plaintiffs, Apple and AppleCare entered into valid, binding Contracts applicable to Plaintiffs' Apple iPhone 12 Pro cell phones.

81.     On information and belief, the terms of the applicable Contracts between Plaintiffs and Defendants provided that Defendants or their agents would undertake a reasonable, good faith investigation and repair or replace any devices that were having technical issues of the type Plaintiffs were experiencing and raised with Defendants.

82.     On information and belief, the applicable Contracts between Plaintiffs and Defendants, which can be identified by Defendants' records, may be found at:

https://www.apple.com/legal/

83.     Defendants  breached the applicable Contracts by failing to undertake a reasonable, good faith investigation into Plaintiffs' issues for months.

84.     Defendants also breached the Contracts by failing to reasonably repair or replace the Apple iPhone 12 Pro cell phones according to the terms of the Contracts.

85.     Plaintiffs were damaged by the Defendants' breach of the Contracts, in an amount to be proven at trial.

13

86.     Plaintiff and the Class may recover all damages associated with this breach in an amount to be proven at trial, including attorney's fees and costs.

**COUNT III**
**Breach of Contract (first MacBook Air)**
**Against Apple Inc. and**
**AppleCare Service Company, Inc.**

87.     Plaintiffs incorporate by reference the allegations in the preceding paragraphs as if they were set forth herein.

88.     When consumers, such as Plaintiffs, purchase Apple products, AppleCare or AppleCare+, they enter into a contractual relationship with Apple and AppleCare (the Contracts), and agree to be bound by the terms of the Contracts.

89.     Apple and AppleCare likewise agree to be bound by and follow the terms of the Contracts.

90.     Plaintiffs, Apple and AppleCare entered into valid, binding Contracts applicable to one of Plaintiffs' Apple MacBook Airs.

91.     On information and belief, the terms of the applicable Contracts between Plaintiffs and Defendants provided that Defendants or their agents would undertake a reasonable, good faith investigation and repair or replace any devices that were having technical issues of the type Plaintiffs were experiencing and raised with Defendants.

92.     On information and belief, the applicable Contracts between Plaintiffs and Defendants, which can be identified by Defendants' records, may be found at:

https://www.apple.com/legal/

93.     Defendants  breached the applicable Contracts by failing to undertake a reasonable, good faith investigation into Plaintiffs' issues for months.

94.     Defendants also breached the Contracts by failing to reasonably repair or replace the Apple MacBook Air according to the terms of the Contracts.

FILED DATE: 12/29/2022 1:33 PM    2022CH12542

FILED DATE: 12/29/2022 1:33 PM    2022CH12542

95.     Plaintiffs were damaged by the Defendants' breach of the Contracts, in an amount to be proven at trial.

96.     Plaintiff and the Class may recover all damages associated with this breach in an amount to be proven at trial, including attorney's fees and costs.

**COUNT IV**
**Breach of Contract (second MacBook Air)**
**Against Apple Inc. and**
**AppleCare Service Company, Inc.**

97.     Plaintiffs incorporate by reference the allegations in the preceding paragraphs as if they were set forth herein.

98.     When consumers, such as Plaintiffs, purchase Apple products, AppleCare or AppleCare+, they enter into a contractual relationship with Apple and AppleCare (the Contracts), and agree to be bound by the terms of the Contracts.

99.     Apple and AppleCare likewise agree to be bound by and follow the terms of the Contracts.

100.    Plaintiffs, Apple and AppleCare entered into valid, binding Contracts applicable to Plaintiffs' second Apple MacBook Air.

101.    On information and belief, the terms of the applicable Contracts between Plaintiffs and Defendants provided that Defendants or their agents would undertake a reasonable, good faith investigation and repair or replace any devices that were having technical issues of the type Plaintiffs were experiencing and raised with Defendants.

102.    On information and belief, the applicable Contracts between Plaintiffs and Defendants, which can be identified by Defendants' records, may be found at:

https://www.apple.com/legal/

103.    Defendants  breached the applicable Contracts by failing to undertake a reasonable,

15

FILED DATE: 12/29/2022 1:33 PM   2022CH12542

good faith investigation into Plaintiffs' issues for months.

104.   Defendants also breached the Contracts by failing to reasonably repair or replace the Apple MacBook Air according to the terms of the Contracts.

105.   Plaintiffs were damaged by the Defendants' breach of the Contracts, in an amount to be proven at trial.

106.   Plaintiff and the Class may recover all damages associated with this breach in an amount to be proven at trial, including attorney's fees and costs.

**COUNT V**
**Negligence**
**Against Apple Inc.,**
**AppleCare Service Company, Inc.**

107.   Plaintiffs incorporate by reference the allegations in the preceding paragraphs as if they were set forth herein.

108.   By their own statements and standards, Apple and AppleCare Service and their respective agents, owe their customers a duty to act with reasonable care when dealing with customers like Plaintiffs, investigating Plaintiffs' technical issues and working to address them.

109.   Apple and AppleCare Service and their respective agents breached this duty of care when they failed to live up to their own standards to reasonably communicate, investigate or address Plaintiffs' technical issues from February 2021 to September 2021.

110.   Apple and AppleCare Service and their respective agents also breached this duty of care when they breached their duty to preserve electronically stored and physically stored information as they or their agents agreed and stated that they would preserve, including the data associated with Plaintiffs' respective accounts electronically stored and physically stored, as well as data associated with Plaintiffs and the electronic and telephonic communications by and between Defendants and Plaintiffs relating to the issues detailed herein.

111.    Plaintiffs were directly or proximately damaged by Apple and AppleCare Service and their respective agents' negligence in an amount that will be proven at trial.

**COUNT VI**
**Gross Negligence Against Apple Inc.,**
**AppleCare Service Company, Inc.**

112.    Plaintiffs incorporate by reference the allegations in the preceding paragraphs as if they were set forth herein.

113.    By their own statements and standards, Apple and AppleCare Service and their respective agents, owe their customers a duty to act with reasonable care when investigating Plaintiffs' technical issues and working to address them.

114.    Apple and AppleCare Service and their respective agents breached this duty of care when they failed to live up to their own standards to reasonably communicate, investigate or address Plaintiffs' technical issues from February 2021 to September 2021.

115.    Apple and AppleCare Service and their respective agents were made aware of the physical and other health issues being experienced by Plaintiffs.

116.    Apple and AppleCare Service and their respective agents acted with willful and conscious disregard to Plaintiffs' physical and other health issues, as exemplified by the cycles of the run around endured by Plaintiffs from February 2021 to September 2021.

117.    Plaintiffs were directly or proximately damaged by Apple and AppleCare Service and their respective agents' gross negligence in an amount that will be proven at trial.

118.    Plaintiffs are also entitled to punitive damages for the outrageous, willful and wanton conduct of Apple and AppleCare Service and their respective agents when dealing with Plaintiffs from February 2021 to September 2021.

FILED DATE: 12/29/2022 1:33 PM    2022CH12542

FILED DATE: 12/29/2022 1:33 PM   2022CH12542

## COUNT VII
### Intentional Infliction of Emotional Distress
### Against Apple Inc., AppleCare Service Company, Inc.

119.    Plaintiffs incorporate by reference the allegations in the preceding paragraphs as if they were set forth herein.

120.    Apple Inc. and AppleCare Service, through their agents, acted in an extreme and outrageous manner in their treatment of Plaintiffs from February 2021 through September 2021.

121.    Apple Inc. and AppleCare Service, through their agents,  acknowledged the extreme and outrageous nature of Plaintiffs' situation, which was caused by Defendants or their agents.

122.    Apple and AppleCare Service and their respective agents were made aware of the physical and other health issues being experienced by Plaintiffs, including Plaintiff Jodi DeMonte.

123.    Apple Inc. and AppleCare Service, through their agents, knew or acted with reckless disregard that there was a high probability that their extreme and outrageous conduct would cause severe emotional distress to Plaintiff Jodi DeMonte.

124.    Apple and AppleCare Service and their respective agents acted with willful, wanton and conscious disregard to Plaintiffs' physical and other health issues, as exemplified by the cycles of customer abuse endured by Plaintiff Jodi DeMonte from February 2021 to September 2021.

125.    Plaintiff Jodi DeMonte was actually, directly and proximately damaged by Apple and AppleCare Service and their respective agents' conduct in an amount that will be proven at trial.

126.    Plaintiff Jodi DeMonte is also entitled to punitive damages for the outrageous, willful and wanton conduct of Apple and AppleCare Service and their respective agents when dealing with Plaintiff Jodi DeMonte from February 2021 to September 2021.

## COUNT VIII
### Fraudulent Misrepresentation
### Against Apple Inc., AppleCare Service Company, Inc.

127.    Plaintiffs incorporate by reference the allegations in the preceding paragraphs as if

18

FILED DATE: 12/29/2022 1:33 PM 2022CH12542

they were set forth herein.

128.     In and between February 2021 and September 2021, Apple Inc. and AppleCare Service and their respective agents made several statements that were not true.

129.     In and between February 2021 and September 2021, Apple Inc. and AppleCare Service, through their agents, stated they were undertaking a reasonable investigation into the technical and service issues raised by Plaintiffs.

130.     In and between February 2021 and September 2021, Apple Inc. and AppleCare Service, through their agents, stated that the Plaintiffs' devices were in working order and did not need repair or replacement.

131.     These statements made by Apple Inc. and AppleCare Service, through their agents, were false.

132.     Apple Inc. and AppleCare Service, through their agents, have possession of recordings of these false statements and the dates on which they were made.

133.     Plaintiffs relied upon those statements to their detriment in that they continued to spend time, resources and money on the affected devices.

134.     Plaintiffs incurred monetary, emotional and exacerbated physical damage as direct and proximate result of Defendants' fraudulent acts in an amount to be specifically proven at trial.

**COUNT IX**
**Negligent Misrepresentation**
**Against Apple Inc., AppleCare Service Company, Inc.**

135.     Plaintiffs incorporate by reference the allegations in the preceding paragraphs as if they were set forth herein.

136.     Plaintiffs incorporate by reference the allegations in the preceding paragraphs as if they were set forth herein.

137.     In and between February 2021 and September 2021, Apple Inc. and AppleCare

19

FILED DATE: 12/29/2022 1:33 PM   2022CH12542

Service and their respective agents made several statements that were not true.

138.   In and between February 2021 and September 2021, Apple Inc. and AppleCare Service, through their agents, stated they were undertaking a reasonable investigation into the technical and service issues raised by Plaintiffs.

139.   In and between February 2021 and September 2021, Apple Inc. and AppleCare Service, through their agents, stated that the Plaintiffs' devices were in working order and did not need repair or replacement.

140.   The statements made by Apple Inc. and AppleCare Service, through their agents, were false.

141.   Apple Inc. and AppleCare Service, through their agents, knew or should have known the statements being made to Plaintiffs were false.

142.   Apple Inc. and AppleCare Service, through their agents, have possession of recordings of these false statements and the dates on which they were made.

143.   Plaintiffs relied upon those statements to their detriment in that they continued to spend time, resources and money on the affected devices.

144.   Plaintiffs incurred monetary, emotional and exacerbated physical damage as direct and proximate result of Defendants' negligently fraudulent acts in an amount to be specifically proven at trial.

## COUNT X
### Violation of Illinois Consumer Fraud and Deceptive Practices Act, 815 ILCS 505/1
### Against Apple Inc., AppleCare Service Company, Inc.

145.   Apple Inc. and AppleCare Service hold out to the public a viable Security Bounty Program that claims to pay out bounties based on certain criteria.

146.   Apple Inc. and AppleCare Service do not, in fact, pay out bounties based on those criteria and/or unreasonably withhold bounty even if information provided to them meets the

FILED DATE: 12/29/2022 1:33 PM    2022CH12542

criteria.

147.    Plaintiff Jodi DeMonte provided information that met the criteria for the Security

Bounty Program, at least insofar as those criteria were set and provided by Defendants to Plaintiff

Jodi DeMonte..

148.    Apple Inc. and AppleCare Service failed to pay and have not paid a bounty for the

qualifying information provided to them by Plaintiff Jodi DeMonte in accordance with their own

criteria.

149.    Plaintiff Jodi DeMonte was damaged directly and proximately from the Defendants'

deception in an amount to be specifically proven at trial.

## CLASS ACTION CLAIMS

### COUNT XI
### Violation of Illinois Consumer Fraud and Deceptive Practices Act, 815 ILCS 505/1
### Against Apple Inc., AppleCare Service Company, Inc.

150.    Plaintiffs incorporate by reference the allegations in the preceding paragraphs as if

they were set forth herein.

151.    Apple Inc. and AppleCare Service, represented and represent to class members that

they will receive the same level of service quality as other non @me.com Apple ID users and not

experience other technical issues as a result of their @me.com Apple ID.

152.    Apple Inc. and AppleCare Service, through their agents, know or should have known

the statements being made to class members were and are deceptive and misleading.

153.    Class members relied upon these false statements to their detriment by paying or

continuing to pay for Apple products and services while maintaining an @me.com Apple ID.

154.    On information and belief, class members have received lower service quality and

other technical issues with performance of Apple products and services due to the actions of

Defendants or their agents.

FILED DATE: 12/29/2022 1:33 PM    2022CH12542

155.    The knowledge of why and how Defendants treated class members disparately, resulting in the lower service quality and other technical issues is in the possession of Defendants.

156.    Class members have been misled and unknowingly and without consent suffered and continue to suffer damages due to the deceptive statements made by Defendants and their agents.

157.    Defendants' and their agents' deceptive conduct proximately caused monetary damage to the class members in an amount to be specifically proven at trial.

**COUNT XII**
**Fraudulent Misrepresentation**
**Against Apple Inc., AppleCare Service Company, Inc.**

158.    Plaintiffs incorporate by reference the allegations in the preceding paragraphs as if they were set forth herein.

159.    Defendants intentionally represent to their @me.com Apple ID users that they will receive the same level of service quality as other non @me.com Apple ID users and not experience other technical issues as a result of their @me.com Apple ID.

160.    Apple Inc. and AppleCare Service, through their agents, know the statements being made to class members were false.

161.    Class members relied upon these false statements to their detriment by continuing to pay for Apple products and services while maintaining an @me.com Apple ID and experiencing lower quality service and other technical issues due to their @me.com Apple ID.

162.    Class members have thus been misled and unknowingly and without consent suffered and continue to suffer damages due to the lower service quality and other technical issues with performance of Apple products and services due to the actions of Defendants or their agents.

163.    Defendants' or their agents' fraudulent misrepresentations damaged Plaintiffs in an amount to be specifically proven at trial.

22

FILED DATE: 12/29/2022 1:33 PM    2022CH12542

## COUNT XIII
### Negligent Misrepresentation
### Against Apple Inc., AppleCare Service Company, Inc.

164.    Plaintiffs incorporate by reference the allegations in the preceding paragraphs as if they were set forth herein.

165.    Apple Inc. and AppleCare Service, through their agents, negligently represent to their @me.com Apple ID users that they will receive the same level of service quality as other non @me.com Apple ID users and not experience other technical issues as a result of their @me.com Apple ID.

166.    Apple Inc. and AppleCare Service, through their agents, knew or should have known the statements being made to Plaintiffs were false.

167.    Defendants and their Class members relied upon these false statements to their detriment by continuing to pay for Apple products and services while maintaining an @me.com Apple ID.

168.    Class members relied upon these false statements to their detriment by continuing to pay for Apple products and services while maintaining an @me.com Apple ID and experiencing lower quality service and other technical issues due to their @me.com Apple ID.

169.    Class members have thus been misled and unknowingly and without consent suffered and continue to suffer damages due to the lower service quality and other technical issues with performance of Apple products and services due to the actions of Defendants or their agents.

170.    Defendants' or their agents' fraudulent misrepresentations damaged Plaintiffs in an amount to be specifically proven at trial.

## COUNT XIV
### Fraudulent Misrepresentation by Omission
### Against Apple Inc., AppleCare Service Company, Inc.

171.    Plaintiffs incorporate by reference the allegations in the preceding paragraphs as if

23

FILED DATE: 12/29/2022 1:33 PM   2022CH12542

they were set forth herein.

172. Plaintiffs incorporate by reference the allegations in the preceding paragraphs as if they were set forth herein.

173. Apple Inc. and AppleCare Service and their respective agents fail to inform their customers with @me.com Apple IDs that they will experience a lower quality of service quality and other technical issues as a result of their @me.com Apple ID.

174. Apple Inc. and AppleCare Service, through their agents, knew or should have known the Class members would rely upon these omitted statements to their detriment by continuing to pay for Apple products and services while maintaining an @me.com Apple ID.

175. Had Defendants informed class members of the omitted statements, class members would have acted differently and not continued to pay for Apple products and services while maintaining an @me.com Apple ID and experiencing lower quality service and other technical issues due to their @me.com Apple ID.

176. Class members have thus been misled and unknowingly and without consent suffered and continue to suffer damages due to the lower service quality and other technical issues with performance of Apple products and services due to the actions of Defendants or their agents.

177. Defendants' or their agents' fraudulent omissions damaged Plaintiffs in an amount to be specifically proven at trial.

## **PRAYER FOR RELIEF**

178. Plaintiffs incorporate by reference the allegations in the preceding paragraphs as if they were set forth herein.

**WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:**

A. Certifying this case as a class action on behalf of the Class identified above, appointing Plaintiff Jodi DeMonte as representative of the Class and appointing her counsel as Class

FILED DATE: 12/29/2022 1:33 PM   2022CH12542

Counsel;

    B.      Award compensatory damages in an amount that will be proven at trial;

    C.      Award punitive damages in an amount sufficient to punish Defendants for their willful and wanton disregard for Plaintiffs' rights;

    D.      Awarding costs to Plaintiffs;

    E.      Awarding Plaintiffs and the Class pre- and post-judgement interest, to the extent allowable; and

    F.      Awarding such other and further relief as the court may consider proper.

Dated: December 29, 2022          Respectfully submitted,

MARK W. DEMONTE

Atty No.
180 N. La Salle, Suite 2020
Chicago, IL 60601
mdemonte@outlook.com
847-219-4613